IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-102-FL

| | |
|---|---|
| TONYA NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PRINCIPLE LONG TERM CARE, INC. d/b/a Barbour Court Nursing and Rehabilitation Center and BIRCH LTC GROUP, LLC d/b/a Barbour Court Nursing and Rehabilitation Center, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the court on plaintiff's motion for entry of default, pursuant to Federal Rule of Civil Procedure 55(a). (DE 6). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, plaintiff's motion is denied.

**BACKGROUND**

Plaintiff commenced this action on March 2, 2021, against her alleged former employers, asserting claims of discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq., and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, as well as a state law claim for wrongful discharge under the North Carolina Equal Employment Practices Act. Plaintiff seeks compensatory and punitive damages, costs, attorneys' fees, and interest.

On March 31, 2021, plaintiff filed the instant motion for entry of default, based upon defendants' failure to answer or otherwise respond to plaintiff's complaint. That same day, plaintiff filed an affidavit of service, indicating that defendants were served by certified mail on March 5, 2021, attaching signed return receipts. On April 8, 2021, defendants answered complaint, and responded in opposition to the instant motion on the following day.

**COURT'S DISCUSSION**

Plaintiff seeks entry of default, based upon defendants' failure to answer or otherwise respond to plaintiff's complaint in a timely manner. Rule 55(a) provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court may set aside entry of default upon a showing of good cause. See Fed. R. Civ. P. 55(c).

When deciding whether to set aside default, a court should consider factors such as whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the adversary party, whether there is a history of dilatory action, and the availability of sanctions less drastic than entry of default. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 205 (4th Cir. 2006). The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

Here, defendants indicate that their corporate office is located in Kinston, North Carolina, while their general counsel and registered agent are located in Garner, North Carolina. The corporate office in Kinston was closed temporarily, following a Covid-19 outbreak, and not all

2

personnel have returned. Although an employee at the Kinston office received the summonses and complaint, confusion among employees working in separate offices resulted in the complaint not reaching outside counsel prior to March 26, 2021, the deadline for defendants to answer or otherwise respond to the complaint.

Where Covid-19 related difficulties briefly delayed defendants' response to the complaint, where the delay did not cause plaintiff any prejudice, and where defendants ultimately answered the complaint, raising defenses to plaintiff's claims, the court finds that good cause would exist to set aside default, if default had been entered. Therefore, plaintiff's motion for entry of default is denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion for entry of default (DE 6) is DENIED. The court's initial order on planning and scheduling will follow.

SO ORDERED, this the 27th day of April, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

3

Case 5:21-cv-00102-FL   Document 13   Filed 04/27/21   Page 3 of 3